IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN ANDREW MEHL, | : | |
|     Petitioner, | : | |
| | : | No. 1:19-cv-1357 |
| v. | : | |
| | : | (Judge Rambo) |
| SCI SMITHFIELD, | : | |
|     Respondent | : | |

# MEMORANDUM

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) filed by *pro se* Petitioner Ryan Andrew Mehl ("Petitioner"), who is currently incarcerated at the State Correctional Institution Smithfield in Huntingdon, Pennsylvania ("SCI Smithfield"). Petitioner has also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 4.) For the following reasons, the Court will grant Petitioner leave to proceed *in forma pauperis* and summarily dismiss his § 2254 petition.

## I. PROCEDURAL HISTORY

In 2013, Petitioner was arrested and charged with sexually assaulting a friend of his sister-in-law after the victim had passed out following a night of drinking. *See Commonwealth v. Mehl*, No. 793 MDA 2016, 2017 WL 1324099, at *1 (Pa. Super. Ct. Apr. 10, 2017). He was subsequently charged with rape of an unconscious person, sexual assault, and two (2) counts of indecent assault. *Id.* On January 24, 2014, following a jury trial in the Court of Common Pleas for York County,

Petitioner was found guilty on one (1) count of sexual assault and two (2) counts of indecent assault. *Id.* On May 2, 2014, Petitioner was sentenced to a term of five (5) to ten (10) years of imprisonment for sexual assault, and a concurrent term of one (1) to two (2) years of imprisonment for indecent assault. *Id.* The trial court also imposed a consecutive period of two (2) years of probation for the second indecent assault conviction. *Id.* On February 23, 2015, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. *See id.*; *see also Commonwealth v. Mehl*, No. 877 MDA 2014, 120 A.3d 389 (Pa. Super. 2014). Petitioner did not seek leave to appeal to the Supreme Court of Pennsylvania.

On December 23, 2015, Petitioner filed a *pro se* Post Conviction Relief Act ("PCRA") petition with the Court of Common Pleas for York County, alleging that trial counsel had been ineffective for failing to file a pretrial suppress motion, failing to prepare for trial, and granting permission to the presiding judge to enter the jury room during deliberations. *Mehl*, 2017 WL 1324099, at *1. Subsequently, counsel was appointed, and counsel filed an amended PCRA petition on February 29, 2016. *Id.* The PCRA court denied Petitioner's PCRA petition on April 21, 2016. *Id.* On April 10, 2017, the Superior Court affirmed the PCRA court's denial of the PCRA petition. *Id.* On October 3, 2017, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. *Commonwealth v. Mel*, 643 Pa. 100 (2017).

On August 14, 2017, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. *See Mehl v. SCI Forest*, No. 1:17-cv-1437, 2018 WL 3973189, at *1 (M.D. Pa. Aug. 20, 2018). In that petition, Petitioner raised the following grounds for relief:

1. Whether the trial court erred when it denied Petitioner's pre-trial suppression motion to exclude statements made by Petitioner to the police;

2. Whether Petitioner's trial counsel was ineffective;

3. Whether Petitioner's Constitutional rights were violated because of prosecutorial misconduct; and

4. Whether Petitioner's Constitutional rights were violated when the trial judge entered the jury room during deliberation and engaged in *ex parte* communications with the jury.

*See id.* at *2. On August 20, 2019, the Court denied Petitioner's petition, concluding that his third and fourth grounds for relief were procedurally defaulted and that his first and second grounds were meritless. *Id.* at *2-9. The Court subsequently denied Petitioner's motion for reconsideration. *Mehl v. SCI Forest*, No. 1:17-cv-1437, 2019 WL 1383572, at *1 (M.D. Pa. Mar. 27, 2019). Petitioner's appeal to the United States Court of Appeals for the Third Circuit remains pending.

On August 6, 2019, the Court received the instant § 2254 petition from Petitioner. In this petition, Petitioner again challenges his judgment of conviction from York County and raises the following claims for relief:

On August 28, 2019, the Court received the instant § 2254 petition from Petitioner. In this petition, Petitioner again challenges his judgment of conviction from York County and raises the following claims for relief:

1. A fundamental miscarriage of justice occurred when evidence was obtained illegally and the prosecution presented false testimony;

2. Governmental interference in the form of not treating Petitioner for his learning disability "makes it impossible to fairly try to learn how to do an appeal";

3. Petitioner almost committed suicide due to "wrong medication and lack of care"; and

4. "Corpus [delicti]".

(Doc. No. 1 at 5-9.) As relief, Petitioner seeks a "federal attorney," an "[appellate] bond," his sentence vacated, and immediate release. (*Id.* at 14.) Petitioner's § 2254 petition has not been served upon Respondent. The Court now considers the § 2254 petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).

## II. DISCUSSION

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of

available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the petitioner. *See id.* § 2254(b)(1). Moreover, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the petitioner to exhaust available remedies in the State courts. *See id.* § 2254(b)(2). In other words, a petition for a writ of habeas corpus must meet exacting substantive and procedural standards in order for a petitioner to obtain relief. *See id.*

With respect to habeas petitions filed by state prisoners pursuant to § 2254, Congress has restricted the availability of second and successive petitions pursuant to 28 U.S.C. § 2244(b), which provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for

> constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b). The gatekeeping responsibilities of the courts of appeals set forth in § 2244(b)(3)(A) have essentially divested district courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. *See, e.g., Robinson v. Johnson*, 313 F.3d 128, 140 (3d Cir. 2002) ("From the district court's perspective, [Section 2244(b)(3)(A)] is an allocation of subject-matter jurisdiction to the court of appeals."). Thus, if a prisoner asserts a claim that he previously presented in a federal habeas petition, it must be dismissed in all cases. *See* 28 U.S.C. § 2244(b)(1). Moreover, if the prisoner asserts a claim that he could have raised in a previous petition, the claim must be dismissed by the court of appeals unless it falls within one of two narrow exceptions: (1) claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict, *see id.* § 2244(b)(2)(B), or (2) claims relying on new rules of constitutional law, *see id.* § 2244(b)(2)(A). "However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so." *Louder v. Coleman*, No. 09-1124, 2009 WL

4893193, at *3 (W.D. Pa. Dec. 10, 2009). Thus, the petitioner must, in the first instance, convince "the Court of Appeals that his second or successive petition falls within the narrow exception permitted by the AEDPA and have the Court of Appeals grant him leave to file such a second or successive petition." *See id.*; *see also* 28 U.S.C. § 2244(b)(3)(A).

A review of the instant § 2254 petition reveals that Petitioner's challenges are to the very same state court judgment Petitioner sought relief from in his previously-filed § 2254 petition in this Court. Because the claims he now asserts were previously raised, or could have been raised, in Petitioner's initial § 2254 petition, and do not fall within any of the statutory exceptions outlined above, the instant petition is a second or successive § 2254 petition over which this Court lacks subject-matter jurisdiction in the absence of pre-authorization by the United States Court of Appeals for the Third Circuit. *See id.* § 2244(b); *Benchoff v. Colleran*, 404 F.3d 812, 815-17 (3d Cir. 2005); *Louder*, 2009 WL 4893193, at *3 (concluding that dismissal of the petitioner's § 2254 petition without serving it upon the respondents was proper because it was a second or successive petition and the petitioner had not demonstrated that he had obtained permission from the court of appeals to file it). In the instant case, there is no indication that the Third Circuit granted Petitioner leave to file a second or successive § 2254 petition. Accordingly, the instant § 2254

7

petition must be summarily dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2).[1]

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at

---

[1] As noted above, two of Petitioner's grounds for relief concern an alleged lack of medical care. (Doc. No. 1 at 6-8.) To the extent that Petitioner is challenging his conditions of confinement, such claims, "which if successful '*would not necessarily* spell immediate or speedier release,' are not cognizable in habeas, but may be brought in a civil rights action [under 42 U.S.C. § 1983]." *Parks v. Jordan*, 573 F. App'x 233, 236 (3d cir. 2014) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)) (emphasis in original).

bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Petitioner's motion for leave to proceed *in forma pauperis* (Doc. No. 4) and dismiss his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2). This dismissal will be without prejudice to Petitioner's right to seek pre-authorization to file a second or successive petition from the Third Circuit under 28 U.S.C. § 2244(b)(3). A COA will not issue. An appropriate Order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: September 10, 2019